# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-40674
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 6, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eduardo Martinez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-185-1

---

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Eduardo Martinez appeals his conditional guilty-plea conviction and sentence for possession with intent to distribute approximately 35 kilograms of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). He challenges the denial of his motion to suppress evidence seized during a traffic stop, maintaining that (1) his initial detention

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

was not justified at its inception, (2) the traffic stop was prolonged in violation of the Fourth Amendment, and (3) he did not validly consent to the search of the vehicle.

When reviewing a denial of a motion to suppress evidence, we "review questions of law de novo and factual findings for clear error, viewing the evidence in the light most favorable to the prevailing party." *United States v. Gentry*, 941 F.3d 767, 779 (5th Cir. 2019) (internal quotation marks and citation omitted). We analyze the constitutionality of a traffic stop using the two-step inquiry set forth in *Terry v. Ohio*, 392 U.S. 1 (1968). "First we determine whether the stop was justified at its inception. If the initial stop was justified, we determine whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop of the vehicle in the first place." *United States v. Andres*, 703 F.3d 828, 832 (5th Cir. 2013) (internal quotation marks and citations omitted).

During the suppression hearing, the arresting law enforcement officer testified about the distance between Martinez's vehicle and the semitruck he was following too closely, the method by which he determined the distance between the vehicles, and the speed of the traffic. His testimony contained specific and articulable facts which, taken together with rational inferences from those facts, supported the conclusion that reasonable suspicion existed that Martinez committed a traffic violation. *See United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Consequently, the district court did not clearly err. *See Gentry*, 941 F.3d at 779.

As for the duration of the traffic stop, Martinez argues that the officer could have completed the driver's license check himself. However, the body camera footage does not clearly contradict the officer's testimony to the contrary. Thus, in light of the record as a whole, the district court's factual finding that the driver's license check was not completed during the traffic

stop is not clearly erroneous.  *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011); *United States v. Jenson*, 462 F.3d 399, 403 (5th Cir. 2006).

Furthermore, the officer did not unconstitutionally prolong Martinez's detention because the detention occurred while he was awaiting the results of the license check, and the subsequent consent to search was obtained during that period.  *See United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993).  Additionally, the officer articulated specific facts during the suppression hearing "which, taken together with rational inferences from those facts, reasonably warrant[ed] the search and seizure."  *Lopez-Moreno*, 420 F.3d at 430.  Accordingly, the traffic stop was not prolonged in violation of the Fourth Amendment.  *See Jenson*, 462 F.3d at 403.

Lastly, to determine whether consent was validly given, we ask "(1) whether consent was voluntary and (2) whether it was an independent act of free will."  *Id.* at 406.  Martinez argues that the district court clearly erred by not applying the second prong of the test: whether consent was an independent act of free will.  His argument is unavailing, however, because a constitutional violation did not occur prior to his consent.  *See United States v. Khanalizadeh*, 493 F.3d 479, 484 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.